(121 So. 925)

**Claude THOMPSON v. STATE.   (4 Div. 420.)**

Court of Appeals of Alabama.   April 2, 1929.

SAMFORD, J.   Appeal dismissed.

(125 So. 927)

**Ernest THOMPSON v. STATE.   (6 Div. 669.)**

Court of Appeals of Alabama.   Dec. 17, 1929.

BRICKEN, P. J.   There was a general verdict of guilty as charged in the indictment which contained two counts, one for distilling, making, or manufacturing prohibited liquors, and the second charged the possession of a still, etc., to be used for that purpose.

There is no bill of exceptions, the appeal being predicated upon the record proper upon which no error appears.   The record being regular in all things, the judgment of the circuit court, from which this appeal was taken, is affirmed.

Affirmed.

(121 So. 926)

**Jim THOMPSON v. STATE.   (7 Div. 525.)**

Court of Appeals of Alabama.   March 19, 1929.

J. Valdor Curtis, of Ft. Payne, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.   Affirmed.

(124 So. 926)

**Lewey THREATT v. STATE.   (4 Div. 527.)**

Court of Appeals of Alabama.   Nov. 19, 1929.

Guy W. Winn, of Clayton, for appellant.
Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.   This prosecution was for the offense of violating the prohibition laws of the state.   It was begun by affidavit of one A. B. McGilvray before a justice of the peace; the warrant was made returnable to the county court.   This the law provides.   From a conviction in the county court, an appeal was taken to the circuit court.   A full and complete transcript of the county court proceedings was transmitted to the circuit court, thereby investing said court with jurisdiction of this case.   In the circuit court, the solicitor filed a complaint, based upon the original affidavit, and upon this complaint the defendant was arraigned and duly tried.   The trial in said court resulted in a verdict of conviction by the jury, who assessed a fine of $50.   Judgment of conviction was duly pronounced and entered, from which this appeal was taken.

The appeal here is upon the record proper, without bill of exceptions.   As this record is regular in all things, and no error appearing, the judgment of the lower court, as rendered, will stand affirmed.

Affirmed.

(124 So. 926)

**William THWEATT v. STATE.   (4 Div. 598.)**

Court of Appeals of Alabama.   Nov. 19, 1929.

BRICKEN, P. J.   Upon arraignment in the circuit court, this appellant interposed a plea of guilty to the accusation in the affidavit or complaint, which charged him with the offense of violating the prohibition laws of the state of Alabama by having prohibited liquors in his possession.   From the record, upon which this appeal is predicated, there appears no objection to any of the proceedings in the lower court.   The circuit court, under the law, had jurisdiction of the subject-matter and of the person.   We find no point of decision presented to effect a reversal of the judgment of the circuit court from which this appeal was taken.   Said judgment is therefore affirmed.

Affirmed.

(128 So. 925)

**Ed TIBBS v. STATE.**

8 Div. 955.

Court of Appeals of Alabama.
June 10, 1930.

RICE, J.
Affirmed.